IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, a corporation, ) ) ) Plaintiff, ) ) vs. ) ) NANETTE M. SYLVAN and GAIL M. ) SYLVAN, ) ) Defendants. ) | Case Number CIV-08-894-C |

MEMORANDUM OPINION AND ORDER

Following the Court's entry of Judgment on Complaint in Interpleader in favor of Plaintiff on December 15, 2008, Plaintiff filed the present motion seeking to recover the reasonable attorney's fees incurred prosecuting this case. Defendant Gail M. Sylvan filed a response confessing the request. Although the time to respond has passed, Defendant Nanette M. Sylvan has neither responded nor sought additional time to respond.

Plaintiff filed this case seeking leave to interplead funds from a life insurance policy issued to William J. Sylvan. Defendants each claimed to be a beneficiary of the policy and ultimately Plaintiff paid Nanette the one-half to which all parties agreed she was entitled. Plaintiff then sought to interplead the remaining funds pending judicial resolution of the dispute. As noted above, the Court approved that request. Defendant Gail sought and obtained a default judgment entitling her to recover the interpleaded funds after any attorney's fee award is deducted. Plaintiff now seeks to recover the attorney's fees expended in prosecuting the case.

Tenth Circuit precedent establishes a party such as Plaintiff has a right to an award of attorney's fees as an interpleading party. See <u>U.S.F.& G. v. Sidwell</u>, 525 F.2d 472, 475 (10th Cir. 1975). Thus, all that remains is to ensure the amount of fees sought is reasonable. As noted above, Defendant Gail has confessed the fees requested by Plaintiff. Plaintiff has submitted the affidavit of its attorney outlining the fees charged to Plaintiff for the work in this matter. Upon review, the Court finds the hours expended and the rates charged to be reasonable. Accordingly, Plaintiff is entitled to recover its attorney's fees in the amount of $3,123.50 from the interpleaded funds. Pursuant to the Court's earlier entry of judgment in favor of Defendant Gail, (Dkt. No. 12), Plaintiff is to pay the remaining balance of the policy to Defendant Gail through her attorney of record.

For the reasons set forth herein, Plaintiff's Motion for Recovery of Attorney's Fee as Interpleading Party (Dkt. No. 16) is GRANTED. Plaintiff is awarded its attorney's fees in the amount of $3,123.50.

IT IS SO ORDERED this 14th day of January, 2009.

ROBIN J. CAUTHRON
United States District Judge